UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RITHWAN BADEL,<br><br>    Plaintiff,<br><br>v.<br><br>SONY CORPORATION OF NORTH AMERICA,<br><br>    Defendants. | CASE NO. 12-581 (PJS/TNL)<br><br>**REPORT<br>&<br>RECOMMENDATION** |

## I.    INTRODUCTION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## II.    BACKGROUND

Plaintiff is attempting to sue the named Defendant, Sony Corporation of North America, for allegedly developing and deploying various new technologies that allegedly have been used for nefarious purposes. Plaintiff's complaint sets forth a collection of

unfortunate delusions. These delusions are well illustrated by the following description of some of the alleged technology on which Plaintiff's claims are based:

"And the use of Mr. Badel Eye vision, the Technology which was produced by Sony, the primary Use Of this technology is to View Mr. Badel Eye Vision, in other Words what Mr. Badel's eye's [sic] would Be seeing or watching would be incorporated into a Television Monitor. Which the enabler would be able to watch what Mr. Badel would be seeing through his Normal human Eye's [sic] on a daily base's [sic], the primary use of this new technology is to film motion pictures for theater...." (Complaint, [Docket No. 1], p. 9, ¶ 9.) The remainder of Plaintiff's complaint consists of similarly chimerical allegations.

### III. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." *Denton*, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id., citing Neitzke*, 490 U.S. at 325, 328.

In this case, Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous.  Viewing the complaint in its entirety, Plaintiff's current lawsuit is grounded wholly on delusions.  The Court will therefore recommend that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

The Court notes that this is the third frivolous lawsuit that Plaintiff has filed in this Court during the past few weeks.  Based on this history, it may soon become necessary to impose some restrictions on his ability to file additional actions in this District in the future.  Although this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that if he files more frivolous lawsuits in the future, he may lose his right of unfettered access to the federal court.  He may be prohibited from filing more actions without first receiving pre-authorization from a judge.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: March 8, 2012

                                            *s/ Tony N. Leung*
                                        Magistrate Judge Tony N. Leung
                                        United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 26, 2012**.